IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY LYNN BELL,
    Petitioner,

vs.                                            Case No.  3:11cv299/MCR/CJK

EDWIN G. BUSS,
    Respondent.

_____

**ORDER**

    Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1)  The appropriate number of service copies have been filed with the court, and petitioner has paid the filing fee.

    Respondent will be required to file <u>an answer</u> so the court may determine whether an evidentiary hearing is required or, if not required, may dispose of the petition as justice requires.  Rules Governing § 2254 Cases, Rule 8(a).  The answer shall be filed pursuant to Rule 5 of the Rules Governing § 2254 Cases, and shall be styled as an answer rather than as a motion to dismiss or for summary judgment, unless it appears to the respondent that a motion to dismiss based on a procedural defect such as failure to exhaust or the statute of limitations is appropriate.  *McBride v. Sharpe*, 25 F.3d 962, 970 (11th Cir. 1994).  As provided by Rule 5, the answer shall respond to the allegations of the petition; state whether any claim in the petition is

barred; attach such portions of the transcripts as the answering party deems relevant; and attach copies of state appellate court briefs and opinions. *See* Rules Governing § 2254 Cases, Rule 5(b)-(d).[1] If respondent's answer requires the submission of materials outside the state court record, he shall file a motion to expand the record pursuant to Rule 7. *See* Rules Governing § 2254 Cases, Rule 7.

If respondent raises the defense of failure to exhaust as to any claim, he may file an appropriate motion and shall set forth as to each such claim the appropriate manner of raising the claim under Florida law, whether petitioner has sought such relief, and, if not, what further relief is available for purposes of § 2254(c). Rules Governing § 2254 Cases, Rule 5; 28 U.S.C. § 2254(b) and (c). If further relief is not available in the state courts, the appropriate defense is procedural default (not failure to exhaust), which should be asserted in respondent's answer (not in a motion to dismiss). If an exhaustion argument is raised by motion, respondent may await a ruling on that defense before filing an answer on the merits. Alternatively, respondent may proceed directly to the merits. *See* § 2254 (b)(2) (the application may be denied on the merits notwithstanding the failure to exhaust state remedies) and § 2254(b)(3) (the exhaustion requirement is not deemed to be waived unless expressly waived by counsel for the state), *as amended* April 24, 1996.

The answer shall be filed within ninety (90) days from the date this order is docketed. Thereafter, petitioner will be given the opportunity to file a reply. Upon receipt of the answer and the petitioner's reply, the court will review the file to

---

[1] All exhibits shall be filed electronically. If the exhibits exceed 200 pages in length, respondent shall also provide a courtesy copy in paper format. The exhibits are part of the answer. Fed. R. Civ. P. 10(c); *see also* Rules Governing § 2254 Cases, Rule 5. Therefore, respondent is required to serve a copy of the exhibits upon petitioner. Fed. R. Civ. P. 5(a).

*Case No: 3:11cv299/MCR/CJK*

determine whether an evidentiary hearing is required. An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court. If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires. 28 U.S.C. §§ 2243, 2254.

      Accordingly, it is ORDERED:

1.    The Clerk is directed to furnish copies of the petition (to include any attachments to said petition), along with a copy of this order to respondent and the Attorney General of the State of Florida.

2.    Respondent shall have **ninety (90) days** from the date this order is entered on the docket in which to file an answer as directed by this order.

      DONE AND ORDERED this 26th day of July, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES KAHN**
**UNITED STATES MAGISTRATE JUDGE**