IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY LYNN BELL,
     Petitioner,

v.                           Case No.  3:11cv299/MCR/CJK

MICHAEL D. CREWS,[1]
     Respondent.

_____

## ORDER and
## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 13).  Petitioner replied.  (Docs. 19, 20).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

_____

[1]Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d).

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by Second Amended Information filed in the Circuit Court for Escambia County, Florida, with Attempted Trafficking in Cocaine (200 grams or more, but less than 400 grams) (Count 1) and Possession of Drug Paraphernalia, to wit: cutting agents and/or baggies and/or cooking utensils and/or scales (Count 2). (Doc. 13, Ex. C).[2] Petitioner went to trial and, on February 28, 2006, was found guilty by jury verdict of both counts, as charged. (Ex. D). By ordered rendered July 13, 2006, the trial court granted petitioner's Second Amended Motion for New Trial. (Ex. E).

Retrial by jury commenced and concluded on December 7, 2006, resulting in a jury verdict of guilty as charged on both counts. (Exs. F, G). Petitioner's Motion for New Trial and Amended Motion for New Trial were denied on January 10, 2007. (Ex. H). Petitioner's written Renewed Motion for Judgment of Acquittal was denied by order rendered February 7, 2007. (Ex. I).

On January 11, 2007, petitioner was adjudicated guilty and sentenced on Count 1 to five years imprisonment followed by ten years probation, and a concurrent term of one year imprisonment on Count 2. (Ex. J). On August 26, 2008, the Florida First District Court of Appeal ("First DCA") affirmed petitioner's judgment of conviction per curiam without written opinion. *Bell v. State*, 988 So. 2d 1094 (Fla. 1st DCA 2008) (Table) (copy at Ex. O).

On November 19, 2008, petitioner filed a *pro se* motion to correct sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. P). The trial court struck the motion on March 27, 2009, based on a pleading deficiency (lack of an oath) and

_____

[2]All references to exhibits will be to those provided at Doc. 13, unless otherwise noted.

granted petitioner leave to file an amended motion under Florida Rule of Criminal Procedure 3.850 that contained a sufficient oath. (*Id*.). On November 18, 2008, petitioner filed a *pro se* motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b). (Ex. Q). The motion was dismissed without prejudice on April 27, 2009. (*Id*.).

On May 4, 2009, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. S). The court struck petitioner's motion with leave to amend within thirty days. (Ex. T). Petitioner filed a motion to amend his motion for postconviction relief, which was construed as an amended Rule 3.850 motion. (Ex. U). The State responded. (Ex. V). The court held a limited evidentiary hearing at which petitioner was present and represented by counsel. (Ex. W, documentary exhibits at Ex. X). The court denied postconviction relief in a written order entered August 13, 2010. (Ex. Z). The First DCA affirmed without written opinion. *Bell v. State*, 63 So. 3d 752 (Fla. 1st DCA 2011) (Table) (copy at Ex. CC). The mandate issued July 6, 2011. (Ex. CC).

On December 23, 2010, petitioner filed in the First DCA a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Ex. R). The First DCA denied the petition on February 15, 2011, citing Florida Rule of Appellate Procedure 9.141(c)(4)(B). *Bell v. State*, 55 So. 3d 654 (Fla. 1st DCA 2011) (copy at Ex. R).

Petitioner filed his federal habeas petition in this Court on June 22, 2011. (Doc. 1, p. 6). The petition presents four grounds for relief, all grounded in petitioner's contention that he was denied effective assistance of trial counsel. (Doc. 1). Respondent argues that petitioner is not entitled to federal habeas relief because

the state courts' rejection of petitioner's claims is consistent with clearly established federal law. (Doc. 13).

## CUSTODY

Respondent states, and petitioner does not dispute, that petitioner's one-year concurrent sentence for Possession of Drug Paraphernalia on Count 2 completely expired prior to petitioner filing his federal habeas petition. (Doc. 13, p. 3 n. 2). As petitioner was not "in custody" on that conviction at the time he filed his petition, petitioner's conviction for Possession of Drug Paraphernalia is not open to collateral attack by federal habeas. 28 U.S.C. § 2254(a); *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001); *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 1926, 104 L. Ed. 2d 540 (1989). On December 28, 2012, petitioner was released from the incarcerative portion of his sentence on Count 1, to probation. *See* www.dc.state.fl.us. Petitioner failed to notify the Court of his address upon release. The Department of Corrections' website indicates that petitioner's current verified permanent address is 8 Glynquist Avenue, Pensacola, Florida, 32526. (*Id*.). Petitioner was "in custody" on that conviction (Attempted Possession of Cocaine) at the time he filed the instant petition.

## LEGAL STANDARDS

### Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, — U.S. —, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the

legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in

determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by

AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

Clearly Established Federal Law Governing Claims of Ineffective Assistance of Trial Counsel

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) the Supreme Court set out a two-part inquiry for ineffective assistance claims. A petitioner must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him. 466 U.S. at 687, 104 S.Ct. 2052. "First, petitioner must show that 'counsel's representation fell below an

objective standard of reasonableness. Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 2473, 91 L.Ed.2d 144 (1986) (*quoting Strickland*, 466 U.S. at 668, 694).

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S. Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, — U.S. —, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted).

## DISCUSSION

<u>Ground One</u>    "Counsel was ineffective for failing to object to inadmissible evidence." (Doc. 1, pp. 4, 5a-5b).

Petitioner asserts that trial counsel rendered ineffective assistance by failing to

object to the admission of fifteen items of drug paraphernalia. (Doc. 1, pp. 5a-5b).

Petitioner argues that the evidence was irrelevant and inadmissible, because the items were not the paraphernalia charged in Count 2, and were irrelevant to prove petitioner's guilt of attempted trafficking as charged in Count 1. Petitioner asserts that the evidence was highly prejudicial "because of the danger that a jury will take the bad character or propensity thus demonstrated as evidence of the crime charged." (Ex. S, p. 3). Petitioner contends that had counsel challenged the admission of the fifteen items, it is reasonably likely petitioner would have been acquitted, because the four items charged in Count 2 had legal uses: "a scale and baggies to weigh and package jewelry, vitamin supplements for when petitioner had throat cancer, and a common kitchen spoon." (Doc. 1, p. 5a).

Petitioner presented this claim for relief as Ground I of his original Rule 3.850 motion. The state court denied relief after an evidentiary hearing. The state court's written order cites *Strickland* as the controlling legal standard, and denies relief as follows:

> Defendant claims that his defense counsel should have objected when the following items were offered into evidence at trial: pipes used to smoke cocaine, two small glass vials containing cocaine residue, rolling papers, a credit card with cocaine reside [sic] on it, and photographs taken by investigators depicting the location where these items were found in Defendant's home. Defendant alleges that these items were improperly admitted into evidence because he was not charged with possession of these items in the information; the evidence was irrelevant and only served to bias the jury by demonstrating that Defendant had bad character and a propensity to use drugs. Defendant further claims that if this prejudicial evidence had not been admitted at trial, the defense would not have needed to call Linda Bell to testify, Defendant's former wife of 14 years. Defendant surmises that Ms. Bell's testimony that she was a recovering drug addict who formerly

used cocaine at Defendant's house was highly prejudicial.

In order to prove that counsel was deficient for failing to file [or] make an objection or motion, Defendant must demonstrate that the objection or motion would have been successful. See Kormondy v. State, 983 So. 2d 418, 430 (Fla. 2007) (trial counsel was not deficient for failing to argue a meritless motion to suppress).

The Court convened an evidentiary hearing on this claim.

Ronald Johnson, Esq., testified at the hearing that he was privately retained by Defendant and represented him at trial on December 7, 2006. Mr. Johnson testified that he met with Defendant more than ten times before trial and that he discussed his trial strategy with Defendant at length. Specifically, Mr. Johnson explained at the evidentiary hearing that he did not object to any of the paraphernalia items being admitted into evidence because his strategy was to demonstrate that all of the paraphernalia belonged to Ms. Bell. He further testified that Defendant agreed to this strategy whereby Ms. Bell would testify that she was a recovering drug addict and that all of the paraphernalia belonged to her. Additionally, Mr. Johnson testified that he met with Ms. Bell before trial, and she agreed that she would testify that all of the items were hers.

Defendant testified at the evidentiary hearing that although counsel discussed this strategy with him, he realized after getting to prison that the strategy was faulty. Defendant opined that if counsel had objected to the paraphernalia being admitted at trial that was not charged in the information, he could have offered an explanation of his lawful possession of all of the items that were charged (cutting agents, "baggies," cooking utensils and scales). For example, Mr. John Picheo testified at trial that he had sold Defendant the scales and baggies to weigh and package jewelry, and he knew Defendant dealt in jewelry.

Defendant concluded the defense would not have had to call Ms. Bell to testify if the illegal paraphernalia items, or "use items," such as

the pipe, had been suppressed. However, the scale found in the piano bench, which was an item specifically charged in the information, tested positive for cocaine residue. Ms. Bell testified at trial that it was possible that at some point she kept her drugs in the piano bench where the scales were found. Without her testimony, the conclusion could be that the scales were used for weighing cocaine, which would fit them into the definition of illegal paraphernalia.

An attorney's strategic decision does not "constitute ineffective assistance if alternate courses of action have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." Chavez v. State, 12 So. 3d 199, 207 (Fla. 2009); State v. Barnes, 24 So. 3d 1244, 1249 (Fla. 1st DCA 2009). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Ridel v. State, 990 So. 2d 581, 583 (Fla. 3d DCA 2009) quoting Strickland at 690-691. "In addition, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate form counsel's perspective at the time.'" Burnes v. State, 944 So. 2d 234, 239 (Fla. 2006) quoting Strickland at 689. Moreover, "it is axiomatic that if a defendant consents to defense counsel's trial strategy after it had been explained to him, it will be difficult to establish a claim for ineffective assistance of counsel." Stein v. State, 995 Fo. 2d 329, 337 (Fla. 2008)

The Court finds Mr. Johnson to be a credible witness. See Booker v. State, 969 So. 2d 186, 194 (Fla. 2007) (after an evidentiary hearing a credibility determination is within the province of the trial court).

Defendant has not overcome the Court's requisite strong presumption that counsel made a reasonable strategic decision, based on his professional judgment, not to make a motion to suppress or object to the paraphernalia items being admitted. Defendant concedes that his trial counsel discussed with him before trial the strategy of calling Ms. Bell to testify. Therefore, the Court finds that counsel was not deficient

for failing to file a motion to suppress or object. Defendant is not entitled to relief on this claim.

(Ex. Z, pp. 3-6) (footnotes omitted). The state court noted in a footnote that petitioner also failed to meet *Strickland*'s prejudice prong "because he has not shown that the outcome of the proceedings would have been different if counsel had objected or made a motion to suppress. As the State argues in their answer, the items may have been relevant to prove that the items charged in the information were paraphernalia. Additionally, as a practical matter, the State could have amended the information to include all of the paraphernalia items in response to an objection by the defense." (*Id.*, p. 6 n. 14). The First DCA summarily affirmed the denial of postconviction relief.

Petitioner contends that the state court unreasonably found Attorney Johnson to be credible, because Johnson's testimony "does not support this finding." (Doc. 1, p. 5a). Petitioner alleges that Attorney Johnson's testimony – that it was a tactical decision not to challenge the admission of the extra fifteen items – is belied by Johnson's vague answers to postconviction counsel's questions concerning when Johnson became aware that the nineteen items of paraphernalia exceeded the four items of paraphernalia charged in Count 2 (the possession of drug paraphernalia charge). Petitioner argues that Johnson's vague answers, combined with the prosecutor's admission at the end of trial that he was not aware of the variance between the charging document and the trial evidence, demonstrate that Johnson's testimony was not credible and that Johnson's decision not to object was <u>not</u> based on trial strategy but on Johnson's failure to review the charging document prior to trial.

The Supreme Court has stated: "28 U.S.C. § 2254(d) gives federal habeas

courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S. Ct. 843, 851, 74 L. Ed. 2d 646 (1983); *see Rice v. Collins*, 546 U.S. 333, 341-42, 126 S. Ct. 969, 976, 163 L. Ed. 2d 824 (2006) (noting that credibility determinations are accorded even greater deference on habeas review); *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review."). Questions about the credibility and demeanor of a witness are questions of fact. *Consalvo*, 664 F.3d at 845 (*citing Freund v. Butterworth*, 165 F.3d 839, 862 (11th Cir. 1999)). The AEDPA affords a presumption of correctness to factual determinations made by a state court. 28 U.S.C. § 2254(e). "[T]he habeas petitioner has the burden of overcoming the presumption of correctness by clear and convincing evidence." *Consalvo* at 845 (*citing* 28 U.S.C. § 2254(e)).

Petitioner's references to what he believes are vague answers to questions relating to when Johnson became aware of the variance between the paraphernalia admitted at trial and the paraphernalia charged in Count 2 does not provide clear and convincing evidence that Johnson was not credible. When postconviction counsel asked Johnson if it was at the end of the trial when he, too (like the prosecutor), first realized there was a variance between the evidence and the charging document, Johnson replied, "I don't think so." (Ex. W, p. 70). Further, given the passage of time (three-and-a-half years) between petitioner's second trial and the postconviction evidentiary hearing, counsel's failure to remember that detail does not demonstrate that he was not testifying truthfully or that he was not credible. *See Blankenship v. McNeil*, 542 F.3d 1253 (11th Cir. 2008) ("[W]hen the evidence is unclear or counsel

cannot recall specifics about his actions due to the passage of time and faded memory, we presume counsel performed reasonably and exercised reasonable professional judgment."). Johnson was consistent and specific about those details of the case he did recall.

Based on the state court's finding that Mr. Johnson was a credible witness, it was reasonable for the court to find, as Johnson testified, that the defense made a tactical decision not to challenge admission of the additional paraphernalia. It was also reasonable for the state court to conclude that petitioner failed to rebut the strong presumption that Johnson's strategy was reasonable. Johnson knew that all of the evidence had been admitted at petitioner's first trial,[4] and strategized that the additional paraphernalia evidence could be used with the testimony of Linda Bell (petitioner's wife) to deflect ownership of the charged paraphernalia away from petitioner by showing that Linda Bell was the drug user in the family, that Linda Bell used drugs in her and petitioner's home where the paraphernalia was found, that Linda Bell left her paraphernalia in petitioner's home when the two separated, that Linda Bell returned to the home after the separation and used drugs there, that all of the paraphernalia belonged to Linda Bell, and that petitioner was not connected in any way to any of the paraphernalia. (Ex. W, pp. 53, 54-55, 71-72, 74). Attorney Johnson had talked at length to Linda Bell about her testimony, had taken Bell to view the evidence at the courthouse, and was confident, based on Linda Bell's

---

[4]Petitioner speculates that Attorney Johnson "did not review the charging document prior to the second trial" and that Johnson's failure to object was based on his mistaken assumption that because all nineteen items of paraphernalia were admitted into evidence at petitioner's first trial, those items must have been part of the charging document. (Doc. 1, p. 5a ("Johnson mistakenly assumed that all of the items shown to the jury . . . were charged to the Petitioner from the first trial.")). Petitioner's theory is supported by nothing but his own speculation.

representations, that she would take responsibility for all of the drug paraphernalia. (*Id*.). Petitioner agreed to that defense strategy. As the Supreme Court explained in *Strickland*: "[S]trategic choices made after thorough investigation of law and facts relevant to the plausible options are virtually unchallengeable. . . ." The fact that the defense was unsuccessful does not prove ineffective assistance of counsel. *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010).

The state court's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief on Ground One.

Ground Two     "Counsel was ineffective for failing to object to the relevance of the note found in Petitioner's truck." (Doc. 1, p. 4)

Petitioner faults trial counsel for failing to object, on grounds of relevance and undue prejudice, to the admission of a note found in petitioner's truck. (Doc. 1, pp. 5b-5c). The note contained information about a bank account, and the State used the note to try to connect petitioner to the package of cocaine delivered to petitioner's home. Petitioner presented this claim to the state court as Ground II of his amended Rule 3.850 motion. (Ex. U, pp. 1-3). There, petitioner argued that the note was irrelevant and, even if relevant, was inadmissible under Fla. Stat. § 90.403, because the prejudicial effect of the note far outweighed its probative value. (*Id*,. p. 2). The state court denied relief after identifying *Strickland* as the controlling legal standard:

> Defendant claims that a note referencing a New Mexico bank account number that was found in his truck pursuant to a search by police should have been suppressed because it was more prejudicial than probative. Defendant alleges that the note does not prove that he was involved in any illegal activity.

The note was a feature at trial because the package containing cocaine that was delivered to defendant's house had a return address in New Mexico. Additionally, evidence was presented at trial that individuals in Pensacola had been making deposits into the New Mexico account.

An affidavit of Mr. Jimmy White was filed into the record where Mr. White stated that the note found in Defendant's car belonged to Mr. White. Mr. Jimmy White subsequently testified at trial that the note belonged to him. The note was written on the back of an invoice for the company where Mr. White worked.

"Relevant evidence is inherently prejudicial; however it is only unfair prejudice, substantially outweighing probative value, which permits the exclusion of relevant matters." State v. Andres, 552 So. 2d 1151 (Fla. 3d DCA 1989).

The note was relevant because it tended to prove that Defendant had some association with a bank account in New Mexico, which is where the package of cocaine originated. However, Mr. White's affidavit and testimony limited the prejudicial effect of the evidence. Accordingly, the Court finds that the note was not more prejudicial than probative and a motion to suppress the note would not have been successful on this basis. Consequently, counsel was not deficient for failing to file such a motion.

(Ex. Z, pp. 6-8) (footnotes omitted). The First DCA summarily affirmed the denial of postconviction relief.

Where, as here, the state courts have already answered the question of how an issue would have been resolved under that state's law had defense counsel done what the petitioner argues he should have done, "federal habeas courts should not second-guess them on such matters." *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (quotation marks omitted); *see also Herring v. Sec'y, Dep't of Corr.*, 397 F.3d

1338, 1354-55 (11th cir. 2005) (rejecting federal habeas petitioner's claim that counsel was ineffective for failing to make an objection, based on state law, to the introduction of non-statutory aggravating evidence at the penalty phase of his trial; holding: "The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done. . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" (*quoting Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997))).  The state courts concluded that petitioner's proposed objection would have been overruled, because the note was admissible under state evidentiary law. Because this Court will not "second guess" the Florida state courts' conclusion, petitioner cannot demonstrate that his counsel was deficient for failing to object.  A lawyer cannot be deficient for failing to raise a meritless objection.  *Freeman v. Attorney Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim. . . ."); *Chandler v. Moore*, 240 F.3d 907 (11th Cir. 2001) (concluding that counsel was not ineffective for failing to raise a non-meritorious objection).

The state court's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief on Ground Two.

| Ground Three | "Counsel was ineffective for failing to discuss trial strategy concerning implicating Mr. Jimmy White as the intended recipient of the package containing cocaine." (Doc. 1, p. 5). |
|---|---|

Petitioner asserts that trial counsel failed to fully discuss the potential trial

strategy of implicating Jimmy White as the intended recipient of the cocaine-laden package.  (Doc. 1, pp. 5c-5d).  Petitioner presented this claim as Ground III in his amended Rule 3.850 motion.  (Ex. U, pp. 4-7).  The state court denied relief after identifying *Strickland* as the controlling legal standard.  The state court's decision reads, in pertinent part:

> Specifically, Defendant claims that if he had understood the significance of certain evidence, to-wit:  the phone records of Mr. Jimmy White, that he would have made the decision to introduce these phone records at trial.
>
> This claim was argued before the Court at the evidentiary hearing on this matter.  Defendant testified that his attorney, Mr. Johnson, told him before trial that an incriminating phone number was found in Mr. White's phone records.  Defendant also acknowledged that the defense subpoenaed a representative from the Alltel phone company, who appeared in court on the day of trial but did not testify regarding the phone records, which were never admitted into evidence.  Defendant further testified that if he had understood the ramifications of the phone records, he would have consented to them being admitted into evidence.  However, when Mr. White was on the stand at trial, Defendant described his counsel asking Defendant if he should attempt to incriminate Mr. White with the phone records, and Defendant recalled saying, "'don't do it.'  So I shot myself in the foot."
>
> Mr. Johnson testified at the evidentiary hearing that prior to trial he and his assistant discussed with Defendant the phone records and how they could be used to implicate Mr. White.  Mr. Johnson further testified that he did not ultimately offer the phone records into evidence because Defendant "did not want to implicate Jimmy . . . it was obvious because of their friendship . . . and because, I guess, he was getting financial help that he thought would continue."  Although Mr. Johnson stated that he felt "it was in his best defense to put Jimmy out front, to expose Jimmy.  but when it came down to it, he didn't want to."

Lisa Harris, Mr. Johnson's legal assistant, testified at the evidentiary hearing that she assisted in checking through Mr. White's phone records, and that when they found the number connected to the package in the phone records "it was a huge celebration . . . that was very good evidence." She further testified that she was present when Mr. Johnson discussed the phone records with Defendant, and that the decision whether or not to use them was "left up to him [Defendant], entire." Ms. Harris concluded by testifying that she was present when Mr. Johnson discussed this specific defense strategy on numerous occasions, and that she remembered Mr. Johnson asking Defendant again at trial while questioning Mr. White if he wanted to use the calls, and Defendant said that he did not.

The Court finds Mr. Johnson and Ms. Harris to be credible witnesses. The trial transcript reflects that counsel consulted with Defendant during the questioning of Mr. White, and that a custodian of records from the Alltel phone company was present at trial, but was not called to testify. The Court finds that the Defendant directed his counsel not to pursue a defense incriminating Mr. White by using the phone records and that counsel was not deficient for abiding by his client's wishes. See Gamble v. State, 877 So. 2d 706, 714 (Fla. 2004) ("[I]f the defendant consents to counsel's strategy, there is no merit to a claim of ineffective assistance of counsel.")

(Ex. Z, pp. 8-10) (footnotes omitted). The First DCA summarily affirmed the denial of postconviction relief.

The state court's determination that Mr. Johnson and Ms. Harris were credible witnesses is a factual finding that is entitled to deference. 28 U.S.C. § 2254(e). Petitioner has not rebutted that finding with clear and convincing evidence to the contrary. This Court defers to the state court's credibility determination, as well as the state court's remaining findings – that defense counsel investigated Mr. White's phone records and determined that the records could be used to implicate Mr. White, that defense counsel discussed with petitioner the strategy of implicating Mr. White

with the phone records, that defense counsel was fully prepared at trial to pursue the strategy of implicating White, and that the reason the strategy was not pursued is that petitioner told defense counsel not to pursue it – are amply supported by the record. Based on the state court's findings, it was not unreasonable for the state court to conclude that Attorney Johnson did not perform deficiently with regard to the strategy of implicating Mr. White with White's phone records.

The state court's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief on Ground Three.

<u>Ground Four</u>      <u>"Counsel was ineffective for failing to object to the State's prejudicial comments during closing argument."</u> (Doc. 1, p. 5)

Petitioner's final ground for relief is that defense counsel was ineffective for failing to object to several "prejudicial" comments by the prosecutor during closing argument. (Doc. 1, p. 5d). Petitioner identifies one comment – the prosecutor's remark that "Jimmy White didn't write the note found in Petitioner's truck." (*Id.*). Petitioner asserts that the state court's conclusion that the prosecutor's closing argument "presented the prosecutor's conclusions from the evidence" is "egregiously faulty." (*Id.*, p. 5d). Petitioner presented this claim as Ground V in his amended Rule 3.850 motion. (Ex. U, pp. 8-10). The state court denied relief after identifying *Strickland* as the controlling legal standard. The state court's decision reads, in pertinent part:

> Defendant claims that during closing arguments the State "made numerous inflammatory statements referring to the defendant's drug usage . . . and his statements misled the jury into believing that if the State proved the defendant was a drug user that this satisfied the burden

of proof for a finding of guilt of the charge of attempting to traffic in cocaine." Defendant also specifically claims that the State's closing argument contained statements not based on the facts in evidence: 1) that Jimmy White did not write the note with the bank account number found in Defendant's car; and 2) that the package that Defendant's daughter was waiting for from Heritage Mortgage Company had arrived earlier.

First, the court instructed the jury before closing arguments that "argument is neither instruction on the law nor evidence in the case." The prosecutor began his closing argument by explaining the four requisite elements that the State needed to prove for the charge of attempted trafficking in cocaine. Next, he stated that the jury should decide what evidence they found reliable and to use their common sense. After reviewing the evidence in the case, the prosecutor made comments about various witnesses and urged the jury to consider the interests of the witnesses. Specifically, he commented that "Jimmy White says it's his note," but later, he argued "Jimmy White didn't write that note." The prosecutor also commented that Defendant's daughter "testified that she could have made the statement to Matt White [a police officer], that in fact her father told her to stay there because he was expecting a package before noon."

It is within the province of the jury to weigh the evidence and make credibility determinations. See Craig v. State, 510 So. 2d 857, 865 (Fla. 1987) (remarks in closing argument were not improper when "the prosecutor is merely submitting to the jury a conclusion that he is arguing can be drawn from the evidence.") Additionally, wide latitude is given in closing arguments. In Chandler v. State, 848 So 2d 1031, 1045 (Fla. 2003), the Court found that the prosecutor's comments that the defendant was "malevolent . . . a brutal rapist and conscienceless murderer," were not so prejudicial as to vitiate the entire trial. See also Esty v. State, 642 So. 2d 1074, 1079 (Fla. 1994); Bertolotti v. State, 476 So. 2d 130 (Fla. 1985).

In the instant case, the Court finds that the State's closing

argument merely presented the prosecutor's conclusions from the evidence and therefore was not improper. As an objection was not warranted, counsel was not deficient for failing to make such an objection. Moreover, Defendant cannot prove prejudice because an objection would not have changed the outcome of the proceedings. Therefore, Defendant has failed to prove either prong of the test for ineffective assistance of counsel, and his claim fails.

(Ex. Z, pp. 11-13) (footnotes omitted).

Petitioner has not established that the decision of the state courts to deny his ineffectiveness argument is contrary to, or an unreasonable application of, *Strickland.* The state courts ruled as a matter of state law that petitioner's proposed objections would have been properly overruled. That binding determination of state law means there cannot be attorney error or prejudice for failing to argue the objection.

Even if not binding, the state court reasonably concluded that the prosecutor's remarks were not improper, because the remarks either referred to facts in evidence, argued inferences the jury could draw, or were proper comments on petitioner's defense that he had no connection to the package of cocaine delivered to his home. *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997) (a prosecutor may state conclusions drawn from the evidence during closing argument). Moreover, even if the prosecutor's comments were improper, petitioner cannot establish prejudice given the trial court's pre-closing-argument instructions to the jury (described in the postconviction court's order) and given the court's final instructions that: (1) the jury was to look to the evidence introduced in trial, and to that evidence alone, in determining whether the State met its burden of proof, (2) it was up to the jury to decide which witnesses were credible and what evidence was reliable and (3) the jury must decide the case only upon the trial court's instructions and the evidence the jury

either heard from the testimony of witnesses or saw in the form of exhibits. (Ex. F, pp. 425-36).

The state court's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, did not involve an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief on Ground Four.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is ORDERED:

1. The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as the respondent in this cause.

2. The Clerk shall mail a copy of this Report and Recommendation to petitioner at both his address of record and the following address: 8 Glynquist Avenue, Pensacola, Florida 32526.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentences in *State of Florida v. Terry Lynn Bell* in the Circuit Court for Escambia County, Florida, Case No. 05-CF-481 be DENIED, and the Clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 24th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).